UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-cv-4012 |
| | ) | |
| KASEY KRAMER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, sues under 42 U.S.C. § 1983. He alleges Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs.

A.  Motion to Request Counsel

Plaintiff's Motion to Request Counsel (Doc. 5) is before the Court.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not shown a reasonable attempt to secure counsel on his own behalf. Plaintiff attaches letters, dated in 2023, asking for help with this legal issue from several firms. He does not indicate that he sent these letters out in any way. Plaintiff attaches a letter from Prairie State Legal Services, which firm is prohibited by law from representing prisoners, that declines to assist Plaintiff. He does not say that he mailed

the other letter out or what responses he received if any. Also, two-year-old requests may not accurately represent if he would be successful if he asked now. Plaintiff may renew his motion upon demonstrating a reasonable attempt to secure counsel. Motion denied.

B. Merit Review

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Factual allegations.** Plaintiff names Kasey Kramer (Nurse Practitioner), Nellie Boone (Health Care Unit Administrator), Dr. Osmundson (Prison Medical Director), and Emily Harroun (Health Care Unit Worker) as Defendants.

On December 13, 2022, Plaintiff had surgery on his right big toe. NP Kramer removed the toenail due to a significant fungal infection. Two days later, Kramer prescribed 800mg ibuprofen. Five days after that, Kramer started Plaintiff on Lamisil 250mg (and antifungal medication). On January 3, 2023, Plaintiff put in for prison nurse

sick call, stating he was experiencing constant pain in his right big toe. On January 20, Plaintiff submitted a prison request form to seek medical treatment for his toe. Five days later, on January 25, Plaintiff filed another prison medical request slip.

On February 2, Plaintiff wrote to Health Care Unit Administrator Nellie Boone regarding his pain and daily suffering, noted his toe was turning black and had not been addressed. On February 15 Plaintiff was prescribed Tegretol, the prescriber is unclear. On February 28, Plaintiff filed a grievance complaining about lack of care for his right big toe. On March 1, Plaintiff was seen at Nurse Sick Call complaining about the constant daily pain in his toe. On March 2, Plaintiff complained to a mental health provider about the same issue. Plaintiff filed another grievance the same day about the toe pain. On March 5, Plaintiff wrote an inmate request slip requesting care and noting his right big toe was swollen, black, and in extreme pain. On March 6, Plaintiff addressed a medical request to Kramer to continue to complain about toe care. That same day, Kramer again prescribed Lamisil 250mg.

The next day, March 7, Plaintiff submitted another sick-call request as to his swollen, black, painful right big toe. On March 9, Plaintiff submitted another medical request form, informing that the toenail that had started to re-grow had fallen off, and asked to see the prison doctor. Also on March 9, Kramer prescribed pain reliever, and Naproxen 500mg, a pain reliever and anti-inflammatory drug.

On May 2, Defendant Dr. Osmundson prescribed Plaintiff narcotic pain medications.

On July 7, Plaintiff had an appointment with Emily Harroun, and on August 11, 2023, Plaintiff submitted a medical request form again requesting additional care for his right big toe.

**Legal standard.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 411-12. Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect an exercise of sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

A doctor's failure to prescribe narcotic pain medication (or other specific medications), or medical staff's failure to contact a doctor who would prescribe it, does not amount to deliberate indifference where the plaintiff does not present evidence that

the doctor's decision to not prescribe, or to prescribe other medication that desired, was "a substantial departure from accepted professional judgment, practice, or standards." *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) ("Surely [the plaintiff] would have preferred Vicodin to Ultram, or to have seen a doctor who would have prescribed narcotics, but detainees are not entitled to receive 'unqualified access to healthcare.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992))).

Although a prisoner may disagree with a doctor's choice of medication and would like a stronger or different medication, prison officials "have strong incentives to limit the provision of controlled substances [such as opioid medication] to inmates for medical care; these drugs carry a high risk of being abused or distributed to others." *Knox v. Shearing*, 637 F. App'x 226, 228–29 (7th Cir. 2016); *see also Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) ("What we have here is not deliberate indifference to a serious medical need, but a deliberate decision by a doctor to treat a medical need in a particular manner.").

Plaintiff's allegations against Dr. Osmundson are that Osmundson saw him in May 2023 and prescribed him narcotic pain medications. Plaintiff's allegations against Healthcare Worker Harroun are that she saw him, once, in July 2023. Plaintiff's allegations against healthcare unit administrator Boone are that he wrote her requests for medical care, which Kramer responded to. Plaintiff's claims against Osmundson, Harroun, and Boone do not state a claim for relief. Dr. Osmundson prescribed pain medications once but was otherwise uninvolved with Plaintiff's care. Harroun saw Plaintiff once but there is no allegation that she did anything inappropriate. Boone may

be inferred to have received Plaintiff's requests for medical treatment, but there is no inference of indifference – Plaintiff was repeatedly seen and treated by Kramer.

As to his allegations against Kramer, Plaintiff states a claim for deliberate indifference to a serious medical need. He alleges an open wound on his toe which due to lack of post-surgical care by Kramer became infected and caused him severe pain for several months. Kramer saw him regularly but continued in the same general course of treatment, which was ineffective, as Plaintiff continued to experience, by his allegations, extreme pain. These allegations state a claim at this stage against Kramer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [5] is DENIED. Plaintiff has not made a reasonable attempt to find an attorney nor shown he has been prevented from doing so. He may renew his request if he makes this showing.**

2. **Motions for Ruling [8] and [9] are MOOT.**

3. **Upon merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states an Eighth Amendment claim against Defendant NP Kramer. Plaintiff does not state a claim against Defendants Boone, Harroun, or Osmundson, who are to be terminated as a Defendant. Any other claims and Defendants shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

4. **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant(s) before filing any motions, to give notice to said Defendant and an opportunity to respond to any motions. Motions filed before counsel has filed an appearance on behalf of Defendant will be denied as premature. Plaintiff need not submit any evidence to the Court now, unless otherwise directed by the Court.**

5. **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from the date the waiver is sent to file an answer. If Defendant has not answered or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the**

status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6. For a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address will provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information will be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. This district uses electronic filing, so, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff. Plaintiff need not mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. But this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order explaining the discovery process in more detail.

8. Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require said Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

Entered this 15th day of September, 2025.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
